IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCHUMACHER,

    Plaintiff,

        v.

DAMON'S HOSPITALITY
CORPORATION,

    Defendant.

12cv1437
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 55)

### I.    Introduction

This case centers on alleged age and disability employment discrimination against Plaintiff Michael Schumacher ("Plaintiff") while he was employed by Damon's Hospitality Corporation ("Defendant" or "Damon's"). Doc. No. 38. The Court's jurisdiction is based upon a federal question. Presently before the Court is Defendant's Motion for Summary Judgment in which Defendant moves the Court to enter judgment in its favor on all counts of Plaintiff's Second Amended Complaint and dismiss all claims with prejudice. Doc. No. 55.

Plaintiff alleges the following causes of action in his Second Amended Complaint: (1) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"); (2) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(3) ("ADA"); and (3) a pendent state claim of violation of the Pennsylvania Human Relations Act, 42 Pa.C.S. § 955(a) ("PHRA"). Doc. No. 38. A jury trial is scheduled to begin on November 12, 2013. Doc. No. 23.

Defendant filed its Motion for Summary Judgment in accordance with the Court's Case Management Order. Doc. No. 22. The issues have been fully briefed and are ripe for the Court's ruling. Doc. Nos. 55-65. After careful consideration of Defendant's Motion for Summary Judgment, said Motion will be **DENIED in its entirety**.

## II. Material Facts

The undisputed material facts of the case are as follows:

Plaintiff was born in 1954. Doc. No. 62, ¶ 1. In 2004, when Plaintiff was 50 years of age, he was hired by Pittsburgh Fine Dining as senior vice president and chief operating officer. Id. at ¶¶ 3, 26, 51. Pittsburgh Fine Dining was a management company which provided services for two companies owned by Edward B. Dunlap ("Dunlap"). Id. at ¶ 4. Dunlap is the chief executive officer and sole shareholder and investor of Damon's. Id. at ¶ 6. Plaintiff was promoted to president and chief operating officer of Damon's in January 2010. Id. at ¶¶ 3, 26, 51. He remained in those positions until he was terminated. Id.

As chief operating officer, Plaintiff's responsibilities included overseeing Damon's cost of goods, labor costs, and expenses. Id. at ¶ 11. Plaintiff and Dunlap discussed target numbers and benchmarks for these items. Id. at ¶ 12. Damon's overall goal was to be profitable. Id. at ¶ 14. Plaintiff was involved in opening new restaurants. Id. at ¶ 32. During his employment, the company experienced increasing financial losses. Id. at ¶ 37. Dunlap invested several million dollars in the restaurants. Id. at ¶ 39.

On April 10, 2011, Plaintiff was admitted to the hospital for a heart-related condition. Id. at ¶ 56. On June 29, 2011, Plaintiff underwent heart catheterization surgery. Id. at ¶ 58. From April 10, 2011 to July 1, 2011, Plaintiff missed approximately twelve (12) days of work. Id. at ¶ 57. Dunlap was aware of Plaintiff's health issues. Id. at ¶ 60.

On September 26, 2011, Dunlap called a meeting with Plaintiff and terminated his employment. Id. at ¶¶ 66-68. Plaintiff was 57 years of age when he was terminated. Id. at ¶ 51.

Many of the other facts surrounding Plaintiff's employment, termination, and individuals hired to replace him are disputed by the parties, and therefore, are not included in this recitation of the material undisputed facts. Doc. Nos. 62, 64.

### III. Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir. 1994). Disputes must be both material, meaning facts that will affect the outcome of the issue under substantive law, and genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party moving for summary judgment has the initial burden of supporting its assertion that the fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that the fact(s) are genuinely disputed by citing to particular parts of

materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Id.

In reviewing a motion for summary judgment, the Court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

**IV.    Discussion**

The basis of Defendant's argument is that there is no evidence that Plaintiff was terminated for a discriminatory reason, rather he was terminated because of a strategic business decision to "wind-down its operations as a result of long-term suffering from catastrophic losses that grew four-fold in 2010." Doc. No. 56, 5.

The arguments raised in Defendant's Brief in Support of the Motion do not present grounds upon which the Court could enter judgment in its favor. There are two competing versions of Plaintiff's termination: (1) that he was fired due to his age and his perceived disability and (2) that he was terminated because of poor performance. The Court will not weigh the conflicting evidence to support either version of events because a reasonable jury could return a verdict for either Plaintiff or Defendant on liability.

To establish a claim for employment discrimination, a plaintiff is required to demonstrate that he/she: (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) the adverse employment action raises an inference of discriminatory behavior. *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003). Defendant contends that Plaintiff failed to demonstrate that he was perceived as disabled

(element one) or that he was terminated under circumstances that give rise to an inference of discrimination by Defendant (element four). First, Plaintiff presented evidence, which supports a reasonable conclusion, that he was perceived as disabled following his hospitalization, ex. statements made by Dunlap re. Plaintiff's physical condition. Defendant relies on other evidence to argue that Plaintiff was not perceived as disabled, ex. Plaintiff returned to work immediately after his hospitalization. Doc. No. 62, ¶ 62. However, as previously noted, the Court will not make a determination of which party is likely to prevail at trial or base its decision on this Motion for Summary Judgment on such a determination. Plaintiff's claims are supported by evidence and must be presented to a jury.

Secondly, as noted by Defendant, Plaintiff has presented evidence that may lead to an inference that he discriminated against. Namely, (1) Dunlap told Plaintiff to go "dangle [his] toes in the sand" when he was terminated; (2) he was terminated after he fell ill and was hospitalized; (3) Dunlap admitted he fired Plaintiff for health reasons; and (4) other Damon's employees who were not members of any protected class were kept on/hired to perform Plaintiff job duties after he was terminated. Doc. No. 56, 12. The Court notes that Defendant contests some of this evidence, ex. "while Mr. Dunlap does not specifically recall using [the phrase 'go dangle your toes in the sand'], he does recall telling [Plaintiff] that he should take some time away from work to clear his head and think about his future, and to take advantage of the generous severance package he had been offered. It was a piece of friendly advice from an experienced, successful businessman." Doc. No. 56, 12-13. This statement illustrates why summary judgment is not appropriate in this case. The jury will hear both parties present evidence, including statements such as go "dangle [your] toes in the sand;" and as the fact-

5

finders, the jurors will make credibility determinations and weigh the evidence to determine if Plaintiff has proved his causes of action by a preponderance of the evidence.

Finally, a jury must determine whether Defendant's proffered reason for Plaintiff's termination, the "rapidly-declining financial condition" of the company, was a legitimate non-discriminatory reason for the termination or pretextual. Plaintiff has presented evidence that a reasonable jury could find in his favor on this issue ex. Dunlap discriminated against others because of their race and/or disability and told an employee that Plaintiff was "not physically capable of handling, you know, a large group of restaurants any longer. Doc. No. 64, ¶¶ 12-25, 66.

## V. Conclusion

In sum, a reasonable jury could return a verdict for Plaintiff on all claims in his Second Amended Complaint. Therefore, Defendant's Motion for Summary Judgment will be **DENIED in its entirety**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties