IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCHUMACHER,

    Plaintiff,                    12cv1437
                                          **ELECTRONICALLY FILED**
    v.

DAMON'S HOSPITALITY
CORPORATION,

    Defendant.


## ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE
## (DOC. NOS. 74, 76, 78, 80, 83, 85, 87)

This case centers on alleged employment discrimination based upon age and disability. Doc. No. 38. The case is scheduled to proceed to a trial by jury on November 4, 2013. Doc. No. 23. Presently before the Court are seven (7) Motions in Limine filed by the parties. Doc. Nos. 74, 76, 78, 80, 83, 85, 87. After careful consideration of the Motions in Limine, briefs in support thereof (Doc. Nos. 75, 77, 70, 81-82, 84, 86, 88-89), and briefs in opposition thereto (Doc. Nos. 92-99), the Court rules as follows:

AND NOW, this 5th day of September, 2013, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion in Limine to Preclude Evidence, Opinion, Testimony, or Argument of Plaintiff's Prior Employment (Doc. No. 74) is **DENIED**. Defendant is not precluded from offering evidence of Plaintiff's qualifications, past performance, etc. which may be relevant to Plaintiff's contention that he was a skilled restaurateur and Defendant's proffered reason for Plaintiff's termination, *i.e.* poor performance. The probative nature of this evidence is not substantially outweighed by the danger of unfair prejudice and the

risks of confusing the issues, misleading the jury, undue delay, or wasting time as set forth in Federal Rule of Evidence 403.

2. Plaintiff's Motion in Limine to Preclude Evidence, Opinion, Testimony, or Argument by Third Party Witnesses of Defendant's Discriminatory Mindset (Doc. No. 87) is **GRANTED**.  As stipulated by Defendant, witnesses for either party may testify as to any discriminatory comments made or conduct taken by Edward Dunlap, but may not offer their opinion as to Dunlap's mindset, which is a factual question for the jury.

3. Defendant's Motion in Limine to Exclude Opinion Testimony (Doc. No. 76) is **DENIED**. The proffers of witnesses identified in Defendant's Motion (Plaintiff, Robert Warnock, Christopher Nelson, Nicole Palmer, and Melissa Malvik) are not beyond the bounds of proper opinion testimony under Federal Rule of Evidence 701 because their testimony will be based upon the witness' firsthand experience, rationally based on his/her perception, and may be helpful to the jury to understand the witness' testimony and determining a fact in issue (*i.e.* whether the restaurants became more or less profitable because of Plaintiff's actions/inactions).  Such testimony is not based upon scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702.

4. Defendant's Motion in Limine to Exclude Improper Hearsay Evidence in the Form of Newspaper Articles (Doc. No. 78) is **GRANTED IN PART AND DENIED IN PART**. As Plaintiff concedes, the newspaper articles contain inadmissible hearsay.  P-18-P-22 do not contain any information which would make a probative fact more or less likely to be true and therefore, may not be admitted.  P-17 which contains a "quote" by Dunlap may solely be used for the purposes of impeachment and only if a proper foundation is laid.

5. Defendant's Motion in Limine to Exclude Improper Speculation Testimony (Doc. No. 80) is **DENIED**.  Plaintiff is permitted to offer testimony as to his interpretation of Dunlap's comment go "dangle your toes in the sand" because it is proper opinion testimony and is necessary to aid the jury in the presentation of the evidence.  Defendant may argue that Plaintiff did not know what Dunlap meant at the time of the statement and the jury will ultimately decide the meaning of Dunlap's statement along with all facts of the case.

6. Defendant's Motion in Limine to Exclude Irrelevant Evidence of Discriminatory Animus (Doc. No. 83) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is permitted to introduce evidence that Dunlap engaged in a pattern of terminating older employees with health issues, discriminated against employees who were pregnant, and any other employment actions taken against members of any protected classes because such evidence is probative to the issue at hand, whether Plaintiff was subject to age and perceived disability discrimination.  These actions may also be relevant to pretext. However, the relevance of evidence that Dunlap used racist comments and slurs is substantially outweighed by the risk of unfair prejudice to Defendant, where Plaintiff is not alleging discrimination because of his status as one of those protected classes (ex. race).  In sum, Plaintiff may introduce evidence of Dunlap's actions etc., but may not introduce evidence of Dunlap's racist comments/use of slurs.

7. Defendant's Motion in Limine to Exclude Unverified Statements by Party Opponent, Damon's (Doc. No. 85) is **DENIED**.  The comments Defendant seeks to exclude are admissions by a party opponent pursuant to Federal Rule of Evidence 801(d)(2) because Dunlap made such statements in his capacity as Defendant's CEO.  Defendant's request

for an Order requiring an offer of proof for each comment is denied. However, the Court encourages counsel to work together to exchange information as trial approaches.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties